**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:00-53-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Rodney Nesmith, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On January 17, 2002, the Court sentenced the defendant to 120 months imprisonment followed by five years of supervised release. The defendant did not appeal his guilty plea or sentence.

On November 20, 2006, the defendant filed a motion to amend or correct the judgment. The defendant claims that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000). Only 28 U.S.C. § 2255 authorizes a district court to grant this type of relief. Accordingly, the Court hereby advises the defendant of its intention to recharacterize the motion as one pursuant to § 2255. See United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002)(requiring notice to defendant before a district court, *sua sponte*, converts motion to amend criminal judgment into a motion under § 2255).

Title 28, United States Code, Section 2255 is designed to correct fundamental constitutional or jurisdictional errors which would otherwise result in a "complete miscarriage of justice," or events that are "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the Court to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the defendant must prove that one of the

following occurred: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255 (2000).

The defendant is directed to take notice of the restrictions on successive or second motions set forth in § 2244(a) and § 2255. A defendant must be careful to include all grounds for relief in an initial § 2255 motion because the ability to raise other grounds later have been limited by the following provisions:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In addition, the defendant should note the following 1-year period of limitations for filing a § 2255 motion:

>A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>>**(1)** the date on which the judgment of conviction becomes final;
>>
>>**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>>**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255

A district court has the authority to dismiss a § 2255 motion without ordering the government to respond if the motion violates the 1-year limitations period described above. See Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002); see also United States v. Sosa, 364 F.3d 507, 510 n. 4 (4th Cir. 2004) (applying the holding in Hill v. Braxton to § 2255 motions). Judgment was entered on February 6, 2002. The defendant filed this motion on November 20, 2006, four years after judgment became final. Consequently, should the defendant agree to a recharacterization of this motion to one under § 2255, the defendant must respond and present any facts that demonstrate the 1-year limitations period should not apply to bar the motion.

The Court therefore orders the defendant to respond to the Court's proposed recharacterization and to file any material he wishes to support a claim that this action has been filed within the limitations period described above within 60 days from the date of the filing of

this order. Failure to respond within the allotted time will result in the original motion being recharacterized as a § 2255 motion and dismissed as untimely.

      **AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

December 7, 2007
Charleston, South Carolina