**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:00-53-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Rodney Nesmith, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On November 20, 2006, the defendant filed a motion to amend or correct the judgment, claiming that his sentence violates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Only 28 U.S.C. § 2255 authorizes a district court to grant this type of relief.

Accordingly, on December 10, 2007, the Court advised the defendant of its intention to recharacterize the motion as one pursuant to § 2255. See <u>United States v. Emmanuel</u>, 288 F.3d 644, 649 (4th Cir. 2002)(requiring notice to defendant before a district court, *sua sponte*, converts motion to amend criminal judgment into a motion under § 2255). The Court gave the defendant 60 days to object to the proposed recharacterization. The defendant failed to respond. Therefore, the Court recharacterizes the defendant's motion to amend or correct the judgment as a § 2255 petition

A § 2255 petition must be filed within one year of final judgment. The defendant's § 2255 petition is untimely. Judgment was entered on February 6, 2002. The defendant filed his motion to vacate on November 20, 2006, four years after judgment became final.

The defendant's § 2255 petition is dismissed as untimely.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

February 22, 2008
Charleston, South Carolina